**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: MELVIN SCOTT CLANTON AND ANDREA DOLER CLANTON,** | **CASE NO. 26-11416-SDM CHAPTER 12** |
| **MELVIN SCOTT CLANTON AND ANDREA DOLER CLANTON,** | **PLAINTIFFS** |
| **v.** | **ADV. PROC. NO. __________** |
| **FAIRPORT ASSET MANAGEMENT REO 2, LLC,** | **DEFENDANT** |

---

**COMPLAINT TO AVOID PREFERENTIAL JUDGMENT LIENS**
**AND TO PRESERVE AND RECOVER TRANSFERRED INTERESTS**

---

Melvin Scott Clanton and Andrea Doler Clanton, as debtors in possession, bring this adversary proceeding against Fairport Asset Management REO 2, LLC to avoid its preferential Calhoun County judgment liens, preserve the transferred interests for the estates, and obtain any recovery necessary to give effect to avoidance. The Debtors allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. On April 21, 2026 (the "Petition Date"), Melvin Scott Clanton and Andrea Doler Clanton (the "Debtors") filed their joint petition under Chapter 12 of the Bankruptcy Code. Their case, In re Melvin Scott Clanton and Andrea Doler Clanton, Case No. 26-11416-SDM, is pending in this Court in the Northern District of Mississippi at Aberdeen.

2. The Debtors remain in possession and prosecute this action under 11 U.S.C. § 1203 for the benefit of their respective bankruptcy estates. Each Debtor seeks relief only with respect to that Debtor's property interests and estate. The Debtors do not seek recovery of property owned solely by a nondebtor partnership.

3. Defendant Fairport Asset Management REO 2, LLC ("Fairport") is a limited liability company and a creditor of the Debtors. On June 30, 2026, Fairport filed Proof of Claim No. 17 for $870,060.93, asserting that the entire claim was secured.

4. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 and the District Court's reference of bankruptcy cases and proceedings. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (K). The relief requested is properly sought by adversary proceeding under Federal Rule of Bankruptcy Procedure 7001.

5. Venue is proper under 28 U.S.C. § 1409(a) because this proceeding arises under the Bankruptcy Code and arises in the Debtors' pending bankruptcy case.

6. The Debtors consent to entry of final orders and judgment by this Court under Federal Rule of Bankruptcy Procedure 7008 and Mississippi Bankruptcy Local Rule 7008-1.

**THE DEBT AND JUDGMENT LIENS**

7. Fairport's claim arises from loans originally made by Regions Bank to Melvin S. Clanton Farm, a general partnership, in May and July 2020, and the Debtors' guaranties of those loans. The original principal amounts were $470,000.00 and $500,000.00. The loans were in default and had been accelerated before the transfers challenged here.

8. Regions assigned the loan obligations and associated security to Fairport in November 2025. Fairport asserts assigned deeds of trust in Calhoun and Webster Counties and security interests in farm equipment. These obligations existed before the challenged judgment liens arose.

9. On January 30, 2026, the United States District Court for the Northern District of Mississippi entered a final judgment for Fairport against Melvin S. Clanton Farm and both Debtors in Civil Action No. 4:25-cv-52-DMB-DAS. The judgment awarded $709,712.84,

interest from September 26, 2025 through January 30, 2026 at $85.98547 per day, $111,931.25 in attorneys' fees and expenses, and statutory postjudgment interest. A copy is attached as Exhibit A.

10. Fairport caused the judgment to be enrolled in Calhoun County on April 13, 2026, in Case No. 07CI1:26-cv-00059-KES. The judgment roll lists $832,639.26 and identifies both Debtors and the partnership as judgment debtors. The roll report supplied by Fairport with Claim 17, Exhibit M, is attached as Exhibit B.

11. On information and belief, Fairport also caused a judgment for the same underlying indebtedness to be enrolled in Calhoun County on March 13, 2026, in the reported amount of $832,484.26. The Debtors' updated title report identifies that enrollment against both Debtors and lists March 3, 2026 as the judgment's rendition date in the entries for the approximately 38-acre tract. The pertinent page of that report is attached as Exhibit C. This allegation is based on the title report; the March enrollment is not included in the Calhoun enrollment documents attached to Claim 17.

12. The March and April Calhoun enrollments, and the liens arising from them, are referred to as the "Challenged Liens." The Debtors seek relief against both enrollments, whether they are separate enrollments, a transcript and subsequent enrollment, or duplicate recordings of the same judgment indebtedness. The differing enrollment amounts do not constitute separate loan debts.

13. Under 28 U.S.C. § 1962 and Mississippi Code § 11-7-191, enrollment of the judgment created or perfected Fairport's asserted judgment liens against the Debtors' property interests in Calhoun County to which those liens attached. The creation or perfection of the

Challenged Liens transferred interests of the Debtors in property for purposes of 11 U.S.C. §§ 101(54) and 547.

14. The ninety-day preference period began January 21, 2026. The January 30 federal judgment, the reported March 3 rendition, and both reported Calhoun enrollment dates fall within that period. The Challenged Liens were created or perfected within ninety days before the Petition Date under 11 U.S.C. § 547(e).

## THE PROPERTY AND EFFECT ON FAIRPORT'S RECOVERY

15. On the dates of the transfers and on the Petition Date, Melvin Scott Clanton owned the approximately 38-acre tract in the East Half of the Southeast Quarter of Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi, subject to the exceptions set out in the legal description for "TRACT 2" in Exhibit C (the "38-Acre Tract"). That description is incorporated here. His interest in the tract became property of his bankruptcy estate.

16. The Calhoun deed of trust dated July 14, 2020 and recorded in Book 424, pages 077–089, describes approximately 65 acres in the West Half of the Southeast Quarter south of Sabougla Canal in Section 33, Township 22 North, Range 8 East. Its legal description does not include the separate 38-Acre Tract in the East Half. The deed of trust is included in Claim 17, Exhibit A-7.

17. The 38-Acre Tract is the subject of a separate sale contract for $118,765.94. The updated title report identifies the Challenged Liens against that tract and does not identify a Fairport deed of trust against it. On information and belief, the Challenged Liens gave Fairport an interest in value in that tract that was not already subject to its consensual liens.

18. The approximately 65-acre Calhoun tract and the approximately 181-acre Webster tract securing Fairport's assigned deeds of trust are the subject of a combined sale contract for $538,510.19. Schedule A/B lists all farm equipment at a gross value of $316,198.00. Those figures total $854,708.19 before sale expenses, any superior equipment liens, and limits on the estate's ownership or ability to recover equipment held by others. Fairport's filed claim exceeds even that gross amount.

19. On information and belief, using the property values and obligations existing on the Petition Date, the value available to Fairport from its surviving deeds of trust, equipment liens, other liens, and other sources of collection was insufficient to satisfy its enforceable indebtedness without the Challenged Liens. The comparison accounts for the loans and guaranties as one underlying indebtedness, all available collateral and recoveries, valid superior interests, and liquidation expenses. Fairport would have an unsecured deficiency after application of the value available under its other enforceable rights.

20. The Debtors' schedules report total assets of $1,464,241.00 and total liabilities of $3,743,312.46. The estates also face substantial priority-tax claims and the expenses of administration. On information and belief, after allowance of claims, recognition of valid liens, and payment in the order required by the Bankruptcy Code, general unsecured claims would receive less than full payment in a Chapter 7 liquidation.

21. The Challenged Liens secured Fairport's otherwise unpaid debt with additional estate value, including the value in the 38-Acre Tract. Accordingly, they enabled Fairport to receive more than it would receive in a Chapter 7 case if the challenged transfers had not occurred and Fairport received payment to the extent provided by the Bankruptcy Code.

22. Each Debtor was insolvent when the Challenged Liens transferred that Debtor's property interests. Insolvency during the ninety days preceding the Petition Date is also presumed under 11 U.S.C. § 547(f).

23. Before bringing this action, the Debtors, through counsel, reviewed their schedules, Claim 17 and its loan, security, judgment and enrollment attachments, the updated title report, the sale information, and the cash-collateral and adequate-protection orders. That review included Fairport's preexisting collateral rights and reasonably knowable defenses under 11 U.S.C. § 547(c).

24. On information and belief, the Challenged Liens resulted from collection of the defaulted preexisting loans and guaranties. They were not exchanged for new value, did not secure a contemporaneous acquisition of property, and were not transfers made in the ordinary course of the parties' dealings or according to ordinary business terms. The reviewed records disclose no subsequent unsecured new value that would protect these transfers.

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFERS**
**11 U.S.C. § 547**

25. The Debtors incorporate paragraphs 1 through 24.

26. The Challenged Liens transferred interests of the Debtors in property to or for Fairport's benefit, on account of debts owed before the transfers. The transfers occurred while the affected Debtors were insolvent and within ninety days before the Petition Date, and enabled Fairport to receive more than it would receive in the hypothetical Chapter 7 liquidation described above.

27. Under 11 U.S.C. §§ 1203 and 547(b), the Debtors are entitled to avoid the Challenged Liens arising from both identified Calhoun enrollments to the extent they transferred

interests of either Debtor in estate property, including the 38-Acre Tract and the interests represented by its proceeds.

**COUNT II**
**PRESERVATION FOR THE ESTATES**
**11 U.S.C. § 551**

28. The Debtors incorporate paragraphs 1 through 27.

29. Upon avoidance, the transferred liens are automatically preserved under 11 U.S.C. § 551 for the benefit of the estate owning the affected property, but only with respect to property of the estate. The preserved interests are estate property under 11 U.S.C. § 541(a)(4).

30. The Debtors request a judgment recognizing that the preserved liens retain the priority they possessed before avoidance, subject to valid superior interests. Any proceeds substituted for the affected property shall be administered consistently with the preserved interests and the Court's sale and distribution orders. Avoidance shall not operate as a release that advances a junior lien into the estates' preserved position.

**COUNT III**
**RECOVERY TO THE EXTENT NECESSARY**
**11 U.S.C. § 550**

31. The Debtors incorporate paragraphs 1 through 30.

32. Fairport was the initial transferee of, or the entity for whose benefit the transfers of, the Challenged Liens were made. To the extent avoidance and preservation do not fully restore the transferred property interests, the Debtors seek recovery for the appropriate estate under 11 U.S.C. § 550(a)(1) of the property transferred or, if the Court orders, its value, including any traceable proceeds received by Fairport on account of the avoided interests.

33. Any recovery shall be limited to the transferred property or its recoverable value and a single satisfaction under 11 U.S.C. § 550(d), with credit for property or value already restored.

## PRAYER FOR RELIEF

WHEREFORE, the Debtors request judgment against Fairport as follows:

A. Avoiding under 11 U.S.C. § 547 the judgment-lien transfers arising from the Calhoun County enrollment reported March 13, 2026 in the amount of $832,484.26 and the April 13, 2026 enrollment in Case No. 07CI1:26-cv-00059-KES in the amount of $832,639.26, to the extent those transfers affected interests of either Debtor in estate property;

B. Declaring the avoided liens preserved under 11 U.S.C. § 551 for the benefit of the respective estates, including the lien interests in the 38-Acre Tract described in Exhibit C and any proceeds substituted for that property;

C. Awarding recovery from Fairport under 11 U.S.C. § 550(a)(1), to the extent necessary, of the transferred property interests or their value as determined by the Court, subject to the single-satisfaction limitation;

D. Entering a judgment suitable for recording in the appropriate Calhoun County records and requiring Fairport to execute any instruments necessary to reflect avoidance and preservation without extinguishing the estates' preserved priority;

E. Awarding costs as allowed by Federal Rule of Bankruptcy Procedure 7054 and, if a monetary recovery is awarded, interest as allowed by law; and

F. Granting such other relief as the Court deems just and proper. The requested relief does not vacate the underlying federal money judgment or avoid Fairport's preexisting consensual liens. Rights concerning other claims and liens remain subject to determination in the bankruptcy case or an appropriate proceeding.

Respectfully submitted,

MELVIN SCOTT CLANTON AND
ANDREA DOLER CLANTON,
Debtors in Possession and Plaintiffs

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtors in Possession

# EXHIBIT A
# FINAL JUDGMENT ENTERED JANUARY 30, 2026



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**FAIRPORT ASSET MANAGEMENT REO 2, LLC** — **PLAINTIFF**

**V.** — **NO. 4:25-CV-52-DMB-DAS**

**MELVIN S. CLANTON FARM, MELVIN SCOTT CLANTON, and ANDREA DOLER CLANTON** — **DEFENDANTS**

## FINAL JUDGMENT

In accordance with the order issued this date, judgment is entered in favor of Fairport Asset Management REO 2, LLC, against the defendants in the amount of $709,712.84, with interest from September 26, 2025, through this date at the rate of $85.98547 per diem; $111,931.25 for attorney's fees and expenses; and post-judgment interest at the statutory rate.

**SO ORDERED**, this 30th day of January, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B
# CALHOUN COUNTY JUDGMENT ROLL



## Judgment Roll Report

### Mississippi Electronic Courts - - Third Circuit Court District

**Report Period: -**

| Details | Case Number | Satisfied (Yes/No) | Against | In favor of | Judgment Amount | Date Rendered | Date/Time Entered | Date Satisfied | Date Renewed |
|---|---|---|---|---|---|---|---|---|---|
| Details | 07CI1:26-cv-00059-KES | No | ANDREA DOLER CLANTON | FAIRPORT ASSET MANAGEMENT REO 2, LLC | $832,639.26 | 01/30/2026 | 04/13/2026 16:06:36 | | |
| Details | 07CI1:26-cv-00059-KES | No | MELVIN SCOTT CLANTON | FAIRPORT ASSET MANAGEMENT REO 2, LLC | $832,639.26 | 01/30/2026 | 04/13/2026 16:06:36 | | |
| Details | 07CI1:26-cv-00059-KES | No | MELVIN S CLANTON FARM | FAIRPORT ASSET MANAGEMENT REO 2, LLC | $832,639.26 | 01/30/2026 | 04/13/2026 16:06:36 | | |

| Judgment Roll Report Selection Criteria | |
|---|---|
| **Office** | Benton Circuit Court, Calhoun Circuit Court, Chickasaw Circuit Court - Houston, Chickasaw Circuit Court - Okolona, Lafayette Circuit Court, Lafayette County Court, Marshall Circuit Court, Tippah Circuit Court, Union Circuit Court |
| **Sort by** | |

**EXHIBIT C**
**CALHOUN COUNTY TITLE REPORT**

**CALHOUN COUNTY, MS**

**NAME: Melvin Scott Clanton**

**TRACT 1: (65.0 acres) (Contract amount $538,510.19: includes Tract 1 of Webster)**
All the W1/2 of the SE 1/4 of South of Sabougla Canal in Section 33, Township 22 North, Range 8 East, containing 65 acres, more or less, in Calhoun County, MS.

Subject to a First Deed of Trust from Melvin Scott Clanton and wife, Andrea Doler Clanton to Robert Leard, Trustee for Regions Bank, in the amount of $500,000.00 dated July 14, 2020, due July 14, 2025, and recorded in Book 424, pages 077-089 of the land records of Calhoun County, MS.

Judgments:

| Name | Amount | Filing Date | Rendered Date |
|---|---|---|---|
| Fairport Asset Management REO 2, LLC | $832,484.26 | 3/3/2026 | 3/13/2026 |
| Fairport Asset Management REO 2, LLC | $832,639.26 | 1/30/2026 | 4/13/2026 |

**TRACT 2: (38.0 acres) (Contract amount $118,765.94)**
The East Half of the Southeast Quarter (E 1/2 of the SE 1/4), less and except eight (8) acres lying north of the old Creek Run, of Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi.

LESS AND EXCEPT:

All of the E 1/2 of the SE 1/4 less and except eight (8) acres lying North of the old Creek Run and being North of Sabougla Canal in Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi.

Judgments:

| Name | Amount | Date Rendered | Enrollment Date |
|---|---|---|---|
| Fairport Asset Management REO 2, LLC | $832,639.26 | 1/30/2026 | 4/13/2026 (Filed against Andrea also) |
| Fairport Asset Management REO 2, LLC | $832,484.26 | 3/3/2026 | 3/13/2026 (Filed against Andrea also) |