# CONTRACT OF THE SALE AND PURCHASE OF REAL ESTATE

The Seller hereby agrees to sell and the Purchasers agree to purchase the hereinafter described property on the terms and conditions stipulated in the following schedule:

(1) DESCRIPTION:

**(38.0 acres) Calhoun County, MS**
The East Half of the Southeast Quarter (E 1/2 of the SE 1/4), less and except eight (8) acres lying north of the old Creek Run, of Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi.
LESS AND EXCEPT:
All of the E 1/2 of the SE 1/4 less and except eight (8) acres lying North of the old Creek Run and being North of Sabougla Canal in Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi.

(2) PRICE: The purchase price of the property is……………………….$ 118,765.94
Payable as follows:

Down Payment……………………………………………………….$ 000.00

Balance payable as follows:………………………………………….$ 118,765.94

(3) TAXES: Taxes for the current year are to be pro-rated as of the date of sale.

(4) INSURANCE: Fire and Extended coverage insurance to be paid by: N/A

(5) TITLE: For the purchase price stated, the Seller does hereby agree and bind himself to deliver unto the Purchaser, a good and marketable fee simple title to the above described real property, upon the payment by the Purchaser, as he is obligated in this instrument to pay, said conveyance to be by General Warranty Deed and shall only be subject to easements and rights of way for public roads, and utilities and further subject to any oil, gas and mineral rights previously reserved or conveyed by prior owners.

In the event the Seller cannot deliver marketable title to the Purchaser, subject to the above easements, rights of ways and any prior mineral reservations or conveyances, the Seller shall refund to the Purchaser the down payment, as of this date; however if title is good and Purchaser fails to pay the remaining balance on or before 90 days from date, then and in that event, all sums paid to the Seller shall become the sole and exclusive property of the Seller as liquidated damages, and all rights of the Purchaser shall fully terminate and this Contract be at an end.

In the event the Purchaser has title to the above described property examined and a defect is discovered which would cause the title to be unmarketable, the Purchaser shall notify the Seller immediately in writing, and the Seller shall have a reasonable

time to cure said impediment.

(6) POSSESSION: Said property is to be delivered no later than 60 days from date, upon the receipt of the full purchase price, in the same condition as it now is, customary use and wear excepted.

(7) APPLICATION FEES AND CLOSING COSTS: All application and Closing Costs are to be paid by: Seller

(8) SPECIAL PROVISIONS:

(A) The Sellers will convey unto the Purchasers all crop allotments as provided and regulated by the United States Department of Agriculture in and so far as it pertains to the above described property.

(B) The Seller has filed for Bankruptcy and it is agreed and understood between the Sellers and Purchasers that this contract is subject to and is contingent upon this transfer being approved by the Bankruptcy Court.

(C) The Sellers and Purchasers have executed other Sale and Purchase of Real Estate Contracts of even date whereby Purchasers are buying other lands of Sellers, all subject to Bankruptcy Court approval, and in the event one or more of the aforesaid contracts are not approved by the Bankruptcy Court, Purchasers have the option to terminate one or more of the aforesaid contracts without cost or penalties.

WITNESS OUR SIGNATURES IN MULTIPLE COPIES HEREOF ON THIS THE 30th day of September, 2026.

SELLER – MELVIN SCOTT CLANTON

MCGEE TIMBER INC.

By: ______________________

PURCHASER – Michael W. McGee, President

______________________

PURCHASER – WAYNE BECKWITH