**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: MELVIN SCOTT CLANTON and
ANDREA DOLER CLANTON,
Debtors.**

**CASE NO. 26-11416-SDM**

**CHAPTER 12**

# CERTIFICATE OF SERVICE

I certify that on October 9, 2026, I served true and correct copies of the Debtors' Motion to Approve Three Private Sales of Farmland Free and Clear of Liens and to Direct Sale Proceeds, including Exhibits A–C, and the accompanying notice of the proposed sales and hearing, as follows:

1. Through the Court's CM/ECF system upon the registered users identified in the Notice of Electronic Filing generated for those documents.
2. By United States first-class mail, postage prepaid, upon the persons and entities listed in Part II of Exhibit A and upon all creditors and other parties listed on the mailing matrix attached as Exhibit B, at the addresses shown.
3. By United States certified mail, postage prepaid, addressed to the attention of the officers identified in Part I of Exhibit A.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtors in Possession

CM/ECF bvhrg11
(12/14/23)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In Re: Melvin Scott Clanton and Andrea Doler Clanton<br>Debtor(s) | ) | Case No.: 26−11416−SDM<br>Chapter: 12<br>Judge: Selene D. Maddox |

PLEASE TAKE NOTICE that a hearing will be held at

Go to Zoom.us/join, Enter Meeting ID 160 853 64415, and Passcode 3699380, OR call (646) 828−7666

on 11/23/26 at 10:00 AM

Responses Due: 11/3/26

to consider and act upon the following:

***69*** **–** Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $199 Filed by Thomas C. Rollins Jr. on behalf of Andrea Doler Clanton, Melvin Scott Clanton. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Rollins, Thomas)

**This hearing will be conducted by VIDEO.** For procedures regarding video hearings, please see the Standing Order Regarding Video Hearings Before Judge Selene D. Maddox available on the Standing Orders page of the Court's website at www.msnb.uscourts.gov.

Should any party receiving this notice respond or object to said motion such response or objection is required to be filed with the Clerk of this court and served on the Attorney for Movant on or before said response due date. If any objection or response is filed, an evidentiary hearing will be held on the above mentioned date regarding any facts not stipulated to by the parties. If no objection or response is filed, the Court may consider said motion immediately after the objection or response due date. Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney.

A copy of the motion is required to be served pursuant to Rules 9013 and 9014. THE MOVING PARTY'S ATTORNEY IS REQUIRED BY THE STANDING ORDER TO PERFORM NOTICING AS TO SAID MOTION, THE NOTICE OF HEARING, AND THE OBJECTION DEADLINE, ACCORDING TO THE TERMS OF SAID STANDING ORDER. Please see the Standing Order available at:
http://www.msnb.uscourts.gov/sites/msnb/files/so_notic_revised.pdf

Dated: 10/8/26

Shallanda J. Clay
Clerk, U.S. Bankruptcy Court

BY: VSD
Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: MELVIN SCOTT CLANTON and ANDREA DOLER CLANTON, Debtors.**

**CASE NO. 26-11416-SDM**

**CHAPTER 12**

---

## MOTION TO APPROVE THREE PRIVATE SALES OF FARMLAND FREE AND CLEAR OF LIENS AND TO DIRECT SALE PROCEEDS

---

Melvin Scott Clanton and Andrea Doler Clanton, as debtors in possession, request approval of three related contracts to sell farmland in Calhoun and Webster Counties to McGee Timber Inc. and Wayne Beckwith for a total of $800,000.00. The Debtors seek authority to convey the land free and clear of liens, pay authorized expenses and undisputed secured amounts, hold disputed proceeds in escrow, and remit the remaining estate proceeds to the Chapter 12 Trustee.

1. The Debtors filed this Chapter 12 case on April 21, 2026, and remain debtors in possession. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(M) and (N), and venue is proper under 28 U.S.C. § 1409.
2. The Motion is brought under 11 U.S.C. §§ 363(b), (e), (f) and (m), 1203 and 1206; Bankruptcy Rules 2002, 6004 and 9014; and Mississippi Bankruptcy Local Rules 9013-1 and 9014-1. The Debtors seek a separate sale order implementing the land sales contemplated by their Chapter 12 plan.
3. The contracts were signed September 30, 2026. McGee Timber Inc., acting through its president, Michael W. McGee, and Wayne Beckwith are the purchasers under each contract. The contracts, including their legal descriptions, are attached as Exhibits A, B and C:

| Contract | Property | Seller | Price |
|---|---|---|---|
| A | Approximately 65 Calhoun acres and 181 Webster acres | Melvin Scott Clanton and Andrea Doler Clanton | $538,510.19 |
| B | Approximately 38 Calhoun acres | Melvin Scott Clanton | $118,765.94 |
| C | Approximately 80 Webster acres | Melvin Scott Clanton | $142,723.87 |
| TOTAL | | | $800,000.00 |

4. The contract acreage is approximate; the approved legal descriptions and their exceptions control. Contract A covers the approximately 65-acre Calhoun tract in the West Half of the Southeast Quarter of Section 33, Township 22 North, Range 8 East, south of Sabougla Canal, and the Webster property described in its attached legal description. Contract B covers the separately described Calhoun tract in the East Half of that Southeast Quarter. Contract C covers the West Half of the Northeast Quarter of Section 4, Township 21 North, Range 8 East, Webster County.

5. The requested sales exclude the 4115 Cadaretta Road property, the retained four-acre CR 251 house parcel, the separate two-acre CR 251 building parcel, and the Bellefontaine grain-bin parcel.

6. Each contract provides for no down payment and payment of the full price at closing. The seller pays application fees and closing costs; current real-estate taxes are prorated as of sale. Conveyance is by general warranty deed, subject to the stated public-road and utility easements and rights of way and previously reserved or conveyed oil, gas and mineral rights. The crop allotments pertaining to the land transfer only as permitted by applicable USDA requirements.

7. The contracts call for possession within sixty days after September 30, 2026, upon payment of the full price, and contain a ninety-day balance-payment/default provision and a

reasonable opportunity to cure title defects. Closing shall occur after entry and effectiveness of the sale order within the applicable contract time or a written extension.

8. Each contract is contingent on Bankruptcy Court approval. If one or more contracts are not approved, the purchasers may terminate one or more of the related contracts without cost or penalty. The Debtors therefore request consideration of all three sales together, with separate closing statements and proceeds accounting. Any partial closing remains subject to the purchasers' rights under the contracts.

9. The sales will reduce secured debt and convert land into funds for the reorganization while the Debtors continue farming with retained assets. The Debtors submit the $800,000.00 transaction for approval as a package. Interested parties may present an objection or a higher and better offer before approval. Approval of a different purchaser or materially different terms will require such additional notice and hearing as the Court directs.

10. Fairport Asset Management REO 2, LLC ("Fairport") filed Claim 17 for $870,060.93 as assignee of Regions Bank. It asserts deeds of trust securing the Contract A property, including the July 14, 2020 deed of trust recorded in Calhoun County Book 424, pages 077–089, and the July 14, 2020 deed of trust identified in the title report as recorded in Webster County Book 2020, page 703. The filed claim is not a current payoff; all authorized additions and payment credits remain subject to allowance and accounting.

11. The Calhoun title report also identifies Fairport judgment enrollments reported March 13, 2026, for $832,484.26, and April 13, 2026, for $832,639.26. The Debtors challenge those judgment-lien transfers under 11 U.S.C. §§ 547, 550 and 551. Contract B proceeds attributable to those liens must remain available for the avoidance proceeding. This Motion

does not determine avoidance or assume that the two enrollments represent two separate underlying debts.

12. The Webster title report identifies judgment interests in favor of Nutrien Ag Solutions, Inc. ($685,185.46; enrollment March 11, 2024), Guaranty Bank & Trust Company ($19,516.62; enrollment October 17, 2025), John Deere Financial, F.S.B. ($93,905.85; enrollment December 5, 2025), and Fairport ($832,478.26; enrollment March 9, 2026). Each holder shall receive notice of the requested transfer of any interest it holds in the sale property. These historical amounts identify the recorded interests and do not establish current balances or concede attachment or priority.

13. Section 1206 authorizes the sale of farmland free and clear of interests with those interests attaching to the sale proceeds. The Debtors request that each valid lien attach only to the proceeds attributable to its collateral, in the same extent and priority and subject to the same objections, defenses and avoidance rights. As additional grounds, § 363(f)(2) applies to consenting holders, and § 363(f)(4) applies to the genuinely disputed Fairport Calhoun judgment-lien interests. The Debtors do not rely on the purchase price exceeding the aggregate debt.

14. The transfer of interests to identified, segregated proceeds, together with payment of undisputed secured amounts and escrow of disputed amounts, provides adequate protection under § 363(e). The Debtors request no finding allowing a disputed claim or releasing an avoidance claim. The Agreed Order entered September 9, 2026 (Dkt. 48), including Fairport's adequate-protection rights and the abeyance of its real-property stay-relief request, remains effective according to its terms unless modified by further order.

15. The closing attorney shall prepare a separate settlement statement for each contract and a tract-level allocation where counties, ownership or lien coverage differ. Contract A's consideration shall be allocated between its Calhoun and Webster property by written agreement of the Debtors, purchasers, Trustee and affected lienholders, or by Court order. Disputed allocations shall not be used to disburse funds; the affected amounts shall remain in escrow. Proceeds of one contract shall not satisfy a lien that does not attach to that property.

16. From each closing, the closing attorney may pay actual, reasonable and necessary closing charges and property taxes chargeable to that sale, as approved by the Court or consented to by the affected holders. No percentage allowance for expenses, broker's commission, professional compensation or surcharge of collateral is requested without the required approval. Before disbursement, the closing attorney shall provide the settlement statements, current payoffs and proposed escrow allocations to Debtors' counsel, the Trustee and affected lienholders.

17. After the authorized deductions, the proceeds shall be administered as follows:

| **Fund** | **Requested distribution** |
|---|---|
| Contract A<br>$538,510.19 gross | Pay Fairport on its valid surviving deed-of-trust liens, after any established superior interest and required credits, up to its unpaid entitlement. Pay any remaining valid attaching liens in priority. Escrow disputes; remit the balance to the Trustee. |
| Contract B<br>$118,765.94 gross | Segregate all net proceeds in the Calhoun escrow with the Chapter 12 Trustee. No payment to Fairport on its challenged judgment liens, or distribution to taxes or unsecured creditors, until a further order resolves entitlement or approves a settlement. |
| Contract C<br>$142,723.87 gross | Pay Nutrien on its prior valid attaching judgment lien, subject to any established superior interest and actual balance. Any surplus follows valid attaching junior liens in priority, including Guaranty, John Deere and Fairport where established. Escrow disputes; remit the balance to the Trustee. |

18. A direct lien payment may be made only when attachment, priority and the amount to be paid are undisputed by the Debtors, Trustee and affected competing holders or have been

determined by the Court. A creditor shall receive no more than the proceeds subject to its lien and its unpaid entitlement. Every adequate-protection payment and sale distribution shall be credited once against the proper debt. Payment to Fairport under its surviving deeds of trust shall not settle or release the Calhoun avoidance claims.

19. All remaining proceeds, including disputed funds, shall be remitted to the Chapter 12 Trustee. The Trustee shall hold disputed amounts in separately identified escrow, subject to further order and the same lien priorities, defenses and avoidance rights. No party may use or distribute that escrow before the Court authorizes release. If the challenged Calhoun liens are avoided, their interests in the proceeds shall be preserved for the appropriate estate under § 551; junior interests shall not advance into the preserved position.

20. Upon authorized release, the Trustee shall first honor valid superior interests in the particular fund and pay authorized Trustee compensation and administrative expenses to the extent lawfully chargeable to it. Remaining unencumbered estate funds shall be applied to unpaid allowed priority claims, including IRS and Mississippi Department of Revenue priority taxes, and then to other required plan distributions and allowed general unsecured claims as the confirmed plan or further order directs. No unsecured deficiency shall be paid as a secured claim. Funds and corresponding claim reductions shall be counted once; distributions stop when the applicable fund or unpaid entitlement is exhausted.

21. The Debtors request authority to execute the contracts, deeds and customary closing documents and to record certified copies of the sale order and its incorporated descriptions in the proper counties. The order shall release liens only from the property actually conveyed and transfer them to the corresponding proceeds. Rights in retained property, equipment,

separate sale parcels and any Robert Gordon recovery are reserved. No new lien on avoidance claims or their proceeds is granted.

22. Notice shall be given under Bankruptcy Rule 2002 to all creditors and parties entitled to notice, including the Chapter 12 Trustee, United States Trustee, purchasers and affected taxing authorities. The Motion and notice shall be served under Rules 6004(c), 9014 and 7004 on holders of interests to be transferred, including Fairport, Regions Bank, deed-of-trust trustee Robert Leard, Nutrien, Guaranty and John Deere, and any additional holder identified by the current title examination. Service shall also be made on appearing counsel and parties requesting notice.

WHEREFORE, the Debtors request entry of an order approving the three contracts for $800,000.00 in the aggregate; authorizing the sales free and clear of liens with interests attaching to the respective proceeds; directing authorized payments, segregation and escrow as stated above; authorizing the necessary conveyances and closing documents; and granting related relief consistent with this Motion.

Respectfully submitted,

MELVIN SCOTT CLANTON and
ANDREA DOLER CLANTON,
Debtors in Possession

BY: /s/ Thomas C. Rollins, Jr.

Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtors in Possession

## CONTRACT OF THE SALE AND PURCHASE OF REAL ESTATE

The Seller hereby agrees to sell and the Buyer agrees to purchase the hereinafter described property on the terms and conditions stipulated in the following schedule:

(1) DESCRIPTION:

**TRACT 1: (65.0 acres) (Calhoun County, MS)**
All the W1/2 of the SE 1/4 of South of Sabougla Canal in Section 33, Township 22 North, Range 8 East, containing 65 acres, more or less, in Calhoun County, MS.

**TRACT 2: (Webster County, MS)**
**See legal attached as Exhibit "A". (179.0 + 2.0 = 181.0 acres)**

(2) PRICE: The purchase price of the property is..........................$ 538,510.19
Payable as follows:

Down Payment..............................................................$ 000.00

Balance payable as follows:................................................$ 538,510.19

(3) TAXES: Taxes for the current year are to be pro-rated as of the date of sale.

(4) INSURANCE: Fire and Extended coverage insurance to be paid by: N/A

(5) TITLE: For the purchase price stated, the Seller does hereby agree and bind himself to deliver unto the Purchaser, a good and marketable fee simple title to the above described real property, upon the payment by the Purchaser, as he is obligated in this instrument to pay, said conveyance to be by General Warranty Deed and shall only be subject to easements and rights of way for public roads, and utilities and further subject to any oil, gas and mineral rights previously reserved or conveyed by prior owners.

In the event the Seller cannot deliver marketable title to the Purchaser, subject to the above easements, rights of ways and any prior mineral reservations or conveyances, the Seller shall refund to the Purchaser the down payment, as of this date; however if title is good and Purchaser fails to pay the remaining balance on or before 90 days from date, then and in that event, all sums paid to the Seller shall become the sole and exclusive property of the Seller as liquidated damages, and all rights of the Purchaser shall fully terminate and this Contract be at an end.

In the event the Purchaser has title to the above described property examined and a defect is discovered which would cause the title to be unmarketable, the Purchaser shall notify the Seller immediately in writing, and the Seller shall have a reasonable time to cure said impediment.

(6) POSSESSION: Said property is to be delivered no later than 60 days from date, upon the receipt of the full purchase price, in the same condition as it now is, customary use and wear excepted.

(7) APPLICATION FEES AND CLOSING COSTS: All application and Closing Costs are to be paid by: Seller

(8) SPECIAL PROVISIONS:

(A) The Sellers will convey unto the Purchasers all crop allotments as provided and regulated by the United States Department of Agriculture in and so far as it pertains to the above described property.

(B) The Seller has filed for Bankruptcy and it is agreed and understood between the Sellers and Purchasers that this contract is subject to and is contingent upon this transfer being approved by the Bankruptcy Court.

(C) The Sellers and Purchasers have executed other Sale and Purchase of Real Estate Contracts of even date whereby Purchasers are buying other lands of Sellers, all subject to Bankruptcy Court approval, and in the event one or more of the aforesaid contracts are not approved by the Bankruptcy Court, Purchasers have the option to terminate one or more of the aforesaid contracts without cost or penalties.

WITNESS OUR SIGNATURES IN MULTIPLE COPIES HEREOF ON THIS THE 30th day of September, 2026.

SELLER – MELVIN SCOTT CLANTON

SELLER – ANDREA DOLER CLANTON

MCGEE TIMBER INC.

By: ______________________
PURCHASER – Michael W. McGee, President

PURCHASER – WAYNE BECKWITH

**EXHIBIT "A"**
**Webster County, Mississippi**

**TRACT 1:**
The Southeast Quarter (SE 1/4), less and except forty-five (45) acres in the Southwest corner thereof, and the East Half of the Northeast Quarter (E1/2 of NE 1/4), of Section 4, Township 21 North, Range 8 East, Webster County, Mississippi.

LESS AND EXCEPT:
A parcel of land described as commencing at the Southwest corner of the NW 1/4 of the SE 1/4 of Section 4, Township 21 North, Range 8 East and running thence East a distance of approximately 467 feet to the Southeast corner of Braxton E. Clanton property for the Point of Beginning of the property herein conveyed; Beginning at said point and running thence East a distance of 210 feet; thence North a distance of 210 feet; thence West a distance of 210 feet; thence South a distance of 210 feet to the Point of Beginning, containing one acre, more or less, in the NW 1/4 of the SE 1/4 of Section 4, Township 21 North, Range 8 East.

AND LESS AND EXCEPT:
Five (5) acres in the Southwest corner of the NW 1/4 of the SE 1/4 Section 4, Township 21 North, Range 8 East which was conveyed to Braxton E. Clanton by deed recorded in Deed Book 86 at page 128.

AND LESS AND EXCEPT:
A parcel of land situate in the West 1/2 of the SE 1/4 of Section 4, Township 21 North, Range 8 East, Webster County, Mississippi, described as: Commencing at a one inch iron rod driven in the ground at the Southwest corner of the NW 1/4 of the SE 1/4 of said Section 4; thence East 677.0 feet to the point of beginning for this parcel; thence North 210.0 feet; thence West 210.0 feet; thence North 257.0 feet; thence South 58 degrees, 22 minutes East 571.20 feet; thence South 33 degrees, 02 minutes East 145.60 feet; thence South 04 degrees, 34 minutes 57 seconds West 464.793 feet to a point in the North right of way of the Cadaretta Public Road 40.0 feet North of centerline; thence North 59 degrees, 18 minutes, 58 seconds West 553.153 feet; thence North 49 degrees, 10 minutes, 44 seconds East 207.653 feet to the point of beginning, containing 5.66 acres, more or less.

AND LESS AND EXCEPT:
A parcel of land situate in the SW 1/4 of the SE 1/4 of Section 4, Township 21 North, Range 8 East, Webster County, Mississippi, described as: Commencing at a one inch steel rod driven in the ground at the Northwest corner of the SW 1/4 of the SE 1/4 of said Section 4; thence East 291.10 feet to a one inch iron pin located in the North right of way line of the Cadaretta Public road 40.0 feet north of centerline and the point of beginning for this parcel; thence South 59 degrees, 18 minutes, 58 seconds East 266.0 feet along the North right of way of said road; thence North 49 degrees, 10 minutes 44 seconds East 207.653 feet; thence West 385.90 feet to the point of beginning, containing 0.601 acre, more or less.

AND LESS AND EXCEPT:

COMMENCING at a 5/8" rebar found at the SE corner of Section 4, T-21-N, R-8-E, Webster County, Mississippi run North a distance of 473.21'; thence West a distance of 924.52' to a 1/2" rebar set on the Northerly ROW of Webster County Road 250 (Cadaretta Road) which marks the POINT OF BEGINNING of this lot or parcel of land herein described and conveyed. From said POINT OF BEGINNING run along the Northerly ROW of said road N 59°04'25" W a distance of 333.22' to a 1/2" rebar set at fence corner; thence run along or near fence boundary line N 29°27'20" E a distance of 416.76' to an 8" treated post at fence corner; thence run along or near fence boundary line N 48°49'29" E a distance of 29.77' to an 8" treated post at fence corner; thence run along or near fence boundary line S 48°25'32" E a distance of 14.07' to an 8" treated post at fence corner; thence run along or near fence boundary line S 78°53'40" E a distance of 338.96' to a 1/2" rebar set at fence corner; thence run along or near fence boundary line S 16°40'13" W a distance of 170.15' to a 1/2" rebar set at fence corner; thence run along or near fence boundary line N 69°44'59" W a distance of 13.51' to a 1/2" rebar set at fence corner; thence run along or near fence boundary line S 52°04'07" W a distance of 126.92' to a l/2" rebar set at fence corner; thence run along or near fence boundary line S 26°52'41" W a distance of 272.19' to the POINT OF BEGINNING. This lot or parcel of land is located in the SE 1/4 of Section 4, T-21-N, R-8-E, Webster County, Mississippi and contains a total of 3.89 acres.

**TRACT 2:**
A parcel of land situate in the West 1/2 of the SE 1/4 of Section 4, Township 21 North, Range 8 East, Webster County, Mississippi, described as: Commencing at a one inch iron rod driven in the ground at the Southwest corner of the NW 1/4 of the SE 1/4 of said Section 4; thence East 677.0 feet to the point of beginning for this parcel; thence North 210.0 feet; thence West 210.0 feet; thence North 257.0 feet; thence South 58 degrees, 22 minutes East 571.20 feet; thence South 33 degrees, 02 minutes East 145.60 feet; thence South 04 degrees, 34 minutes 57 seconds West 464.793 feet to a point in the North right of way of the Cadaretta Public Road 40.0 feet North of centerline; thence North 59 degrees, 18 minutes, 58 seconds West 553.153 feet; thence North 49 degrees, 10 minutes, 44 seconds East 207.653 feet to the point of beginning, containing 5.66 acres, more or less.

**TRACT 3:**
Beginning at the Southwest corner of the NW 1/4 of the SE 1/4, Section 4, Township 21 North, Range 8 East, Webster County, MS and run North 280 feet to the Point of Beginning; thence run East 466 feet; thence North 186 feet; thence West 466 feet; thence South 186 feet to the Point of Beginning, containing 2 acres, more or less.

LESS AND EXCEPT: Tax Parcels 7.02. 7.01, 5.01 and 1. Title Request does not include these parcels.

## CONTRACT OF THE SALE AND PURCHASE OF REAL ESTATE

The Seller hereby agrees to sell and the Purchasers agree to purchase the hereinafter described property on the terms and conditions stipulated in the following schedule:

(1) DESCRIPTION:

**(38.0 acres) Calhoun County, MS**
The East Half of the Southeast Quarter (E 1/2 of the SE 1/4), less and except eight (8) acres lying north of the old Creek Run, of Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi.
LESS AND EXCEPT:
All of the E 1/2 of the SE 1/4 less and except eight (8) acres lying North of the old Creek Run and being North of Sabougla Canal in Section 33, Township 22 North, Range 8 East, Calhoun County, Mississippi.

(2) PRICE: The purchase price of the property is……………………….$ 118,765.94
Payable as follows:

Down Payment………………………………………………………..$ 000.00

Balance payable as follows:…………………………………………..$ 118,765.94

(3) TAXES: Taxes for the current year are to be pro-rated as of the date of sale.

(4) INSURANCE: Fire and Extended coverage insurance to be paid by: N/A

(5) TITLE: For the purchase price stated, the Seller does hereby agree and bind himself to deliver unto the Purchaser, a good and marketable fee simple title to the above described real property, upon the payment by the Purchaser, as he is obligated in this instrument to pay, said conveyance to be by General Warranty Deed and shall only be subject to easements and rights of way for public roads, and utilities and further subject to any oil, gas and mineral rights previously reserved or conveyed by prior owners.

In the event the Seller cannot deliver marketable title to the Purchaser, subject to the above easements, rights of ways and any prior mineral reservations or conveyances, the Seller shall refund to the Purchaser the down payment, as of this date; however if title is good and Purchaser fails to pay the remaining balance on or before 90 days from date, then and in that event, all sums paid to the Seller shall become the sole and exclusive property of the Seller as liquidated damages, and all rights of the Purchaser shall fully terminate and this Contract be at an end.

In the event the Purchaser has title to the above described property examined and a defect is discovered which would cause the title to be unmarketable, the Purchaser shall notify the Seller immediately in writing, and the Seller shall have a reasonable

time to cure said impediment.

(6) POSSESSION: Said property is to be delivered no later than 60 days from date, upon the receipt of the full purchase price, in the same condition as it now is, customary use and wear excepted.

(7) APPLICATION FEES AND CLOSING COSTS: All application and Closing Costs are to be paid by: Seller

(8) SPECIAL PROVISIONS:

(A) The Sellers will convey unto the Purchasers all crop allotments as provided and regulated by the United States Department of Agriculture in and so far as it pertains to the above described property.

(B) The Seller has filed for Bankruptcy and it is agreed and understood between the Sellers and Purchasers that this contract is subject to and is contingent upon this transfer being approved by the Bankruptcy Court.

(C) The Sellers and Purchasers have executed other Sale and Purchase of Real Estate Contracts of even date whereby Purchasers are buying other lands of Sellers, all subject to Bankruptcy Court approval, and in the event one or more of the aforesaid contracts are not approved by the Bankruptcy Court, Purchasers have the option to terminate one or more of the aforesaid contracts without cost or penalties.

WITNESS OUR SIGNATURES IN MULTIPLE COPIES HEREOF ON THIS THE 30th day of September, 2026.

SELLER – MELVIN SCOTT CLANTON

MCGEE TIMBER INC.

By:

PURCHASER – Michael W. McGee, President

PURCHASER – WAYNE BECKWITH

## CONTRACT OF THE SALE AND PURCHASE OF REAL ESTATE

The Seller hereby agrees to sell and the Purchasers agree to purchase the hereinafter described property on the terms and conditions stipulated in the following schedule:

(1) DESCRIPTION:

**(80 acres) Webster County, MS**
**Parcel 1:**
A 60 acre tract of land in the Northeast Quarter of Section 4, Township 21, Range 8 East, and being the South 60 acres of said tract situate in Webster County, Mississippi. Said property being bounded on the East by the Mallory Clanton property and on the West by the Mack England property, and joining the 20 acre plot previously deeded to this Grantee by said Grantors.
**Parcel 2:**
A 20 acre tract of land situate in Section 4, Township 21, Range 8 East, Webster County, Mississippi. Said 20 acre tract being bounded on the North by the Travis Clanton property line, on the East by the Mallory Clanton property line and on the West by the Mack England property line. This 20 acre plot is located in an 80 acre tract in above Section, Township and Range all in Webster County, Mississippi. Parcel 1 and Parcel 2 are also described as the W1/2 of the NE 1/4 of Section 4, Township 21 North, Range 8 East.

(2) PRICE: The purchase price of the property is..............................$ 142,723.87
Payable as follows:

Down Payment..................................................................$ 000.00

Balance payable as follows:................................................$ 142,723.87

(3) TAXES: Taxes for the current year are to be pro-rated as of the date of sale.

(4) INSURANCE: Fire and Extended coverage insurance to be paid by: N/A

(5) TITLE: For the purchase price stated, the Seller does hereby agree and bind himself to deliver unto the Purchaser, a good and marketable fee simple title to the above described real property, upon the payment by the Purchaser, as he is obligated in this instrument to pay, said conveyance to be by General Warranty Deed and shall only be subject to easements and rights of way for public roads, and utilities and further subject to any oil, gas and mineral rights previously reserved or conveyed by prior owners.

In the event the Seller cannot deliver marketable title to the Purchaser, subject to the above easements, rights of ways and any prior mineral reservations or conveyances, the Seller shall refund to the Purchaser the down payment, as of this date; however if title is good and Purchaser fails to pay the remaining balance on or

before 90 days from date, then and in that event, all sums paid to the Seller shall become the sole and exclusive property of the Seller as liquidated damages, and all rights of the Purchaser shall fully terminate and this Contract be at an end.

In the event the Purchaser has title to the above described property examined and a defect is discovered which would cause the title to be unmarketable, the Purchaser shall notify the Seller immediately in writing, and the Seller shall have a reasonable time to cure said impediment.

(6) POSSESSION: Said property is to be delivered no later than 60 days from date, upon the receipt of the full purchase price, in the same condition as it now is, customary use and wear excepted.

(7) APPLICATION FEES AND CLOSING COSTS: All application and Closing Costs are to be paid by: Seller

(8) SPECIAL PROVISIONS:

(A) The Sellers will convey unto the Purchasers all crop allotments as provided and regulated by the United States Department of Agriculture in and so far as it pertains to the above described property.

(B) The Seller has filed for Bankruptcy and it is agreed and understood between the Sellers and Purchasers that this contract is subject to and is contingent upon this transfer being approved by the Bankruptcy Court.

(C) The Sellers and Purchasers have executed other Sale and Purchase of Real Estate Contracts of even date whereby Purchasers are buying other lands of Sellers, all subject to Bankruptcy Court approval, and in the event one or more of the aforesaid contracts are not approved by the Bankruptcy Court, Purchasers have the option to terminate one or more of the aforesaid contracts without cost or penalties.

WITNESS OUR SIGNATURES IN MULTIPLE COPIES HEREOF ON THIS THE 30th day of September, 2026.

[signature]
SELLER – MELVIN SCOTT CLANTON

MCGEE TIMBER INC.

By: [signature]
PURCHASER – Michael W. McGee, President

[signature]
PURCHASER – WAYNE BECKWITH

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

MELVIN SCOTT CLANTON
ANDREA DOLER CLANTON

CASE NO: 26-11416

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 12

On 10/9/2026, I did cause a copy of the following documents, described below,

Hearing Notice

Motion to Sell Property

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/9/2026

<u>/s/ Thomas C. Rollins, Jr.</u>
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

MELVIN SCOTT CLANTON
ANDREA DOLER CLANTON

CASE NO: 26-11416

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 12

On 10/9/2026, a copy of the following documents, described below,

Hearing Notice

Motion to Sell Property

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/9/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CERTIFIED 9589071052704680421169

JOHN DEERE FINANCIAL FSB
ATTENTION PRESIDENT
8383 GREENWAY BOULEVARD SUITE 300
MIDDLETON WI 53562

CERTIFIED 9589071052704680421176

REGIONS BANK
ATTENTION PRESIDENT
1900 FIFTH AVENUE NORTH
BIRMINGHAM AL 35203

FAIRPORT ASSET MANAGEMENT REO 2 LLC
ATTENTION MANAGING AGENT
3144 S WINTON ROAD
ROCHESTER NY 14623

NUTRIEN AG SOLUTIONS INC
ATTENTION PRESIDENT
3005 ROCKY MOUNTAIN AVENUE
LOVELAND CO 80538

JAMES A MCCULLOUGH II
WILLIAM D DRINKWATER
NORMAN E BENJE BAILEY JR
BRUNINI GRANTHAM GROWER HEWES PLLC
PO DRAWER 119
JACKSON MS 39205

GUARANTY BANK AND TRUST COMPANY
CO JAY GORE III
GORE KILPATRICK DAMBRINO PLLC
2000 GATEWAY SUITE 160
GRENADA MS 38901

SCOTT D FINK
WELTMAN WEINBERG REIS CO LPA
5990 WEST CREEK ROAD SUITE 200
INDEPENDENCE OH 44131

R ADAM KIRK
DALY KIRK PLLC
1320A SUNSET DRIVE
GRENADA MS 38901

ATTORNEY GENERAL OF MISSISSIPPI
PO BOX 220
JACKSON MS 39205

CALHOUN COUNTY MISSISSIPPI
ATTENTION CHANCERY CLERK AS
CLERK OF THE BOARD OF SUPERVISORS
PO BOX 8
PITTSBORO MS 38951

CALHOUN COUNTY TAX ASSESSORCOLLECTOR
PO BOX 6
PITTSBORO MS 38951

WEBSTER COUNTY MISSISSIPPI
ATTENTION CHANCERY CLERK AS
CLERK OF THE BOARD OF SUPERVISORS
6333 MS HIGHWAY 9 SUITE 123
WALTHALL MS 39771

WEBSTER COUNTY TAX ASSESSORCOLLECTOR
6333 MS HIGHWAY 9 SUITE 123
WALTHALL MS 39771

DEBTOR

MELVIN SCOTT CLANTON AND
ANDREA DOLER CLANTON
404 S WASHINGTON STREET
STARKVILLE MS 39759

ROBERT LEARD DEEDOFTRUST TRUSTEE
CO TWIN LAKES CAMP AND CONFERENCE CENTER
155 MILNER ROAD
FLORENCE MS 39073

ROBERT LEARD DEEDOFTRUST TRUSTEE
1020 HIGHLAND COLONY PARKWAY
RIDGELAND MS 39157

JASON E FORTENBERRY
CAROLINE BRADLEYKENNEY
BRADLEY ARANT BOULT CUMMINGS LLP
PO BOX 1789
JACKSON MS 39215

DAVID F BERRY IV
DEATON BERRY PLLC
229 KATHERINE DRIVE
FLOWOOD MS 39232

TUCKER SELDEN TUCKER PLLC
1245 MAIN STREET
PO BOX 68
TUNICA MS 38676

GLENN E GLOVER
MARIANNA NICHOLS
BRADLEY ARANT BOULT CUMMINGS LLP
ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM AL 35203

UNITED STATES ATTORNEY
ATTENTION CIVIL PROCESS CLERK
ETHRIDGE BUILDING
900 JEFFERSON AVENUE
OXFORD MS 38655

WAYNE BECKWITH
1980 HWY 82 W
KILMICHAEL MS 39747

MCGEE TIMBER INC
ATTENTION MICHAEL W MCGEE PRESIDENT
1305 BAPTIST LINE RD
ALICEVILLE AL 35442

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
05371
CASE 26-11416-SDM
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN
FRI OCT 9 11-06-12 CDT 2026

BANK OF KILMICHAEL
POB 187
KILMICHAEL MS 39747-0187

(P)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

BANK OF AMERICA NA
PO BOX 673033
DALLAS TX 75267-3033

BARCLAYS BANK DELAWARE
ATTN BANKRUPTCY
PO BOX 8801
WILMINGTON DE 19899-8801

HAROLD J BARKLEY JR
PO BOX 5069
JACKSON MS 39296-5069

BRUNINI GRANTHAM GROWER HEWES
PO DRAWER 119
JACKSON MS 39205-0119

CNH CAPITAL
PO BOX 78004
PHOENIX AZ 85062-8004

CASE IH
2701 OAKES ROAD
STURTEVANT WI 53177-2067

CBNA
ATTN BANKRUPTCY
POBOX 509
CANTON NY 13617-0509

CHASE CARD SERVICES
ATTN BANKRUPTCY
PO BOX 15299
WILMINGTON DE 19850-5299

CITIBANK
ATTN BANKRUPTCY DEPARTMENT
POBOX 790046
ST LOUIS MO 63179-0046

ANDREA DOLER CLANTON
404 S WASHINGTON ST
STARKVILLE MS 39759-3234

DEBTOR

MELVIN SCOTT CLANTON
404 S WASHINGTON ST
STARKVILLE MS 39759-3234

DEERE COMPANY DBA JOHN DEERE FINANCIAL
CO WELTMAN WEINBERG REIS CO LPA
INDEPENDENCE OH 44131

DFS FINANCE A DIVISION OF FIRST NATIONAL BA
14010 FNB PARKWAY
SUITE 400
OMAHA NE 68154-5232

DIVERSIFIED FINANCIAL SERVICES
14010 FNB PKWY 400
OMAHA NE 68154-5232

FAIRPORT ASSET MANAGEMENT
3144 S WINTON RD
ROCHESTER NY 14623-2981

FAIRPORT ASSET MANAGEMENT REO 2 LLC
JAMES A MCCULLOUGH II
PO DRAWER 119
JACKSON MS 39205-0119

FAIRPORT ASSET MANAGEMENT REO 2 LLC
PO BOX 150
WARSAW NY 14569-0150

GOLDMAN SACHS
PO BOX 45400
SALT LAKE CITY UT 84145-0400

JAY GORE III
PO BOX 901
GRENADA MS 38902-0901

GUARANTY BANK TRUST
215 W US 82
INDIANOLA MS 38751-2122

GUARANTY BANK TRUST CO
PO BOX 657
BELZONI MS 39038-0657

GUARANTY BANK TRUST COMPANY
CO ASHLEY N LANE
PO BOX 901
GRENADA MS 38902-0901

GUARANTY BANK TRUSTEE COMPANY
CO JAY GORE III
PO BOX 901
GRENADA MS 38902-0901

GUARANTY BANK AND TRUST COMPANY
CO JAY GORE III
P O BOX 160
GRENADA MS 38902-0160

GUARANTY BANK AND TRUST COMPANY
CO JAY GORE III
2000 GATEWAY SUITE 160
GRENADA MS 38901-2842

INTERNAL REVENUE SERVI
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVI
CO US ATTORNEY
ETHRIDGE BUILDING
900 JEFFERSON AVE
OXFORD
MS 38655-3608

JPMORGAN CHASE BANK NA
SBMT CHASE BANK USA NA
CO NATIONAL BANKRUPTCY SERVICES LLC
PO BOX 9013
ADDISON TEXAS 75001-9013

JAY GORE III
2000 GATEWAY SUITE 160
GRENADA 38901-2842

(P)DEERE CREDIT SERVICES INC
ATTN LITIGATION RECOVERY DEPARTMENT
PO BOX 6600
JOHNSTON IA 50131-6600

JOHN DEERE FINANCIAL FSB
CO WELTMAN WEINBERG REIS CO LPA
5990 WEST CREEK RD SUITE 200
INDEPENDENCE OH 44131-2191

ASHLEY N LANE
PO BOX 901
GRENADA MS 38902-0901

MAYO CLINIC
PO BOX 1123
MINNEAPOLIS MN 55440-1123

MS DEPT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON MS 39225-2808

(P)MAYO CLINIC
200 FIRST STREET SW
ROCHESTER MN 55905-0002

JAMES A MCCULLOUGH II
PO DRAWER 119
JACKSON MS 39205-0119

MIDLAND CREDIT MANAGEMENT INC
PO BOX 2037
WARREN MI 48090-2037

MIDLAND CREDIT MGMT
ATTN BANKRUPTCY
PO BOX 939069
SAN DIEGO CA 92193-9069

MIDWEST
3144 S WINTON RD
ROCHESTER NY 14623-2983

MISSISSIPPI DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON MS 39225-2808

NORDSTROM SIGNATURE VISA
ATTN BANKRUPTCY
PO BOX 6555
ENGLEWOOD CO 80155-6555

NUTRIEN
4093 DEERBROOK RD
MACON MS 39341-8940

REGIONS BANK
ATTN BANKRUPTCY
2050 PARKWAY OFFICE CIRCLE 6TH FLOOR
BIRMINGHAM AL 35244-1805

REGIONS BANK
PO BOX 11007
BIRMINGHAM AL 35288-0001

ROBERT TAYLOR GORDON
194 VAN DORN ST
GRENADA MS 38901-4735

~~EXCLUDE~~

~~THOMAS C ROLLINS JR~~
~~THE ROLLINS LAW FIRM PLLC~~
~~PO BOX 13767~~
~~JACKSON MS 39236-3767~~

SCOTT PETROLEUM CO
102 MAIN ST
ITTA BENA MS 38941-2712

SCOTT PETROLEUM COPORATION
DAVID F BERRY IV ATTORNEY
229 KATHERINE DRIVE FLOWOOD
FLOWOOD MS 39232-9588

SIMPLOT
PO BOX 27
BOISE ID 83707-0027

SIMPLOT AB RETAIL INC DBA SIMPLOT GROWER SOL
PO BOX 27
BOISE ID 83707-0027

SYNCHRONY BANK
BY AIS INFOSOURCE LP AS AGENT
PO BOX 4457
HOUSTON TX 77210-4457

SYNCHRONY BANK BY AIS INFOSOURCE LP
PO BOX 661380
DALLAS TX 75266-1380

SYNCHRONY BANK BY AIS INFOSOURCE LP AS AGENT
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

SYNCHRONYPAYPAL CREDIT
ATTN BANKRUPTCY
PO BOX 965064
ORLANDO FL 32896-5064

TD BANK NA
PO BOX 1931
BURLINGAME CA 94011-1931

THE DELTA GROUP
1904 HWY 82 W
GORE SPRINGS MS 38929

TRIANGLE CHEMICAL CO
117 PRESTON CT
MACON
GA 31210-5769

TUCKER SELDEN  TUCKER
PO BOX 66
TUNICA MS 38676-0066

U S TRUSTEE
501 EAST COURT STREET SUITE 6430
JACKSON MS 39201-5022

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON DC 20530-0001

WINN BROWN LAW FIRM
PO BOX 249
SOUTHAVEN MS 38671-0003