**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**

**MELVIN SCOTT CLANTON**
**ANDREA DOLER CLANTON** **CASE NO. 26-11416-SDM**

**DEBTORS.** **CHAPTER 12**

**FAIRPORT ASSET MANAGEMENT REO 2, LLC'S**
**OBJECTION TO DEBTORS' MOTION TO APPROVE THREE PRIVATE SALES OF FARMLAND FREE AND CLEAR OF LIENS AND TO DIRECT SALE PROCEEDS**

Fairport Asset Management REO 2, LLC ("**Fairport**") files this *Objection to Debtor's Motion to Approve Three Private Sales of Farmland Free and Clear of Liens and to Direct Sale Proceeds* [Doc. 69] (the "**Motion**"), and in support states as follows:

1. On April 21, 2026 ("**Petition Date**"), Debtors Melvin Scott Clanton and Andrea Doler Clanton (each a "**Debtor**" and, collectively, "**Debtors**") filed a voluntary petition for relief under Chapter 12 of the United States Bankruptcy Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 26-11416. The Debtors remain in possession of their farming assets and continue to operate their farming operations as Debtors in Possession.

2. In 2020, Regions Bank made two secured loans to Melvin S. Clanton Farms, a general partnership whose partners are the Debtors, Melvin S. Clanton and Andrea D. Clanton,[1] which were secured by, among other collateral instruments, two deeds of trust granting first priority security interests in certain real property and improvements of the Debtors. One deed of trust (the "**Calhoun County Deed of Trust**") executed on July 14, 2020, and recorded on

---

[1] Prior to the Petition Date, the Debtors operated their farm and farming operations in Calhoun County and Webster County, Mississippi, as Melvin S. Clanton Farm, a general partnership. Pursuant to Miss. Code Ann. § 79-13-306, the Debtors are jointly and severally liable for the debts of the general partnership.

December 3, 2020 at Book 424, Page 077-090 as Instrument No. 2020003749, granted a first priority security interest in approximately 65 acres located in Calhoun County, Mississippi (Exhibit A). The second deed of trust (the "**Webster County Deed of Trust**") executed on July 14, 2020, and recorded on December 3, 2020 at Deed Book 2020, Page 703, granted a first priority security interest in approximately 181 acres located in Webster County, Mississippi (Exhibit B). Regions Bank assigned the loans and collateral instruments, including the Calhoun County Deed of Trust and Webster County Deed of Trust, to Fairport (Exhibit C). Thus, Fairport is the holder and grantee under the deeds of trust.

3. The Debtors' Motion seeks bankruptcy court approval pursuant to 11 U.S.C. §§ 1206, 363(f)(2) and 363(f)(4),[2] for a private sale of certain of the Debtors' real property pursuant to three separate sale contracts. "Contract A" proposes the sale of 246 acres encumbered by Fairport's Webster County Deed of Trust and Calhoun County Deed of Trust for a sale price of $538,510.19.[3] Fairport objects to this sale under the terms of Contract A.[4]

4. The Court may approve the sale of property of the estate outside the ordinary course of business free and clear of a secured creditor's interest in the property under Section 363(f)(2) only if the secured creditor consents. Because Fairport holds a first priority security interest in the property covered by Contract A, the Motion cannot be granted under 363(f)(2).

5. The Debtor asserts 11 U.S.C. § 1206 as an additional basis for approval. Section 1206 provides:

> After notice and a hearing, in addition to the authorization contained in section 363(f), the trustee in a case under this chapter may sell property under section

[2] Section 363(f)(4) is not applicable to this objection as, per the Motion, Debtors' request approval under that provision for purposes of "Contract B" only.
[3] Contract A includes Webster County Tax Parcel 0320000 401.01 and Calhoun County Tax Parcel 0608000050033.
[4] By limiting its objection to Contract A, Fairport does not waive, and expressly reserves, its lien claims in lands covered by Contracts B and C.

> 363(b) and (c) free and clear of any interest in such property of an entity other than the estate if the property is farmland, farm equipment, or property used to carry out a commercial fishing operation (including a commercial fishing vessel), except that the proceeds of such sale shall be subject to such interest.
>
> 11 U.S.C. § 1206.

6. Although Section 1206 provides an additional basis to Section 363(f) for approving the sale of farmland free and clear, the proposed sale expressly must satisfy the requirements of Section 363(b). *Id.* Implicit in the requirements of Section 363(b) is that the proposed sale of estate property must satisfy the sound business judgment standard. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010). "A trustee has the duty to maximize the value of the estate." Moore, 608 F.3d at 263 *citing Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 353, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). "As a general matter, the trustee must demonstrate that the proposed sale price is the highest and best offer, though a bankruptcy court may accept a lower bid in the presence of sound business reasons, such as substantial doubt that the higher bidder can raise the cash necessary to complete the deal." *Id. citing* 3 Collier on Bankruptcy ¶ 363.02[1][f] (15th ed. rev.2009). Among the factors a Bankruptcy Court should consider in evaluating the business soundness of a proposed sale under Section 363(b) is how the proceeds from the proposed sale compare to appraisals of the property. *In re Continental Air Lines*, 780 F.2d 1226 *quoting In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir.1983).

7. Here the Debtors fail to satisfy the sound business judgment standard as the Motion neither asserts nor establishes any basis for finding the sale price fair and adequate or in the best interest of the estate. The Motion fails to address or assert any fair market value of the property, or any justification as to whether the proposed purchase price is fair and adequate. Indeed, Fairport's own Brokers' Price Opinion reflects a value of $664,950.00 for the Contract A

properties ($437,450 for the Webster County tract and $227,500 for the Calhoun County tract), $126,440 more than the offering price in Contract A (Exhibit D). Moreover, the Motion does not allege that any efforts were made to market the property to obtain the highest and best offer, thus the proposed sale price has not been market tested at all. Under the circumstances, the Debtors cannot provide any sound business justification to support the sale of property under the terms of Contract A and at a significant discount sufficient to satisfy Section 363(b).

8. For the foregoing reasons, and other good and sufficient reasons to be assigned at the hearing, the Motion should be denied, and the Debtor should be required to adequately market the property or, in the alternative, conduct an auction of the property soliciting higher and better bidders.

Accordingly, Fairport Asset Management REO 2, LLC requests that the Court deny the Debtor's *Motion to Approve Three Private Sales of Farmland Free and Clear of Liens and to Direct Sale Proceeds*, and requests such other relief that the Court may find due and owing.

Dated: November 3, 2026.

Respectfully submitted,

**FAIRPORT ASSET MANAGEMENT REO 2, LLC**

By: *s/ James A. McCullough, II*
One of Its Attorneys

OF COUNSEL:
James A. McCullough, II (MSB # 10175)
jmccullough@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date caused to be filed a true and correct copy of the foregoing with the Clerk of the Court using the Court's electronic filing system, which caused notice of such filing to be delivered electronically to all counsel of record.

Dated: December 3, 2026.

*s/ James A. McCullough, II*
James A. McCullough, II