**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: MELVIN SCOTT CLANTON**
**ANDREA DOLER CLANTON** **CASE NO. 26-11416-SDM**

**LIMITED RESPONSE AND OBJECTION**
**TO CHAPTER 12 PLAN OF REORGANIZATION**

Nutrien Ag Solutions, Inc. ("Nutrien") files this limited response and objection ("Objection") to the Chapter 12 Plan of Reorganization ("Plan") [Dkt. #52] filed by the debtors, Melvin Scott Clanton and Andrea Doler Clanton ("Debtors"); and support thereof would show unto the Court as follows:

1. This Court has subject and personal matter jurisdiction to the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105, 506, 1123 and 1129, as well as other related statues and rules. This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A).

2. Nutrien previously sold the Debtors farming goods and services pursuant to open account by and through its Grenada, Mississippi location. The Debtors having failed to pay certain indebtedness due Nutrien, it ultimately obtained a Default Judgment against one of the Debtors, Melvin S. Clanton d/b/a Melvin S. Clanton Farms, in the United States District Court for the Northern District of Mississippi on February 16, 2024 in the amount of $679,587.61, plus pre-judgment interest at the contractual rate, plus pre-judgment interest at the statutory rate and reasonable attorney's fees and costs in the amount of $5,597.85. Thereafter, Nutrien domesticated its judgment in Calhoun and Webster counties on February 23 and 29, 2024, respectively ("Judgment Lien").[1] Upon enrollment, Nutrien's Judgment Lien constitutes a valid lien against all of the Debtors' real and personal properties located in Calhoun and Webster counties pursuant to Mississippi statutory law.

3. Unbeknownst to Nutrien, the Debtors filed their voluntary Chapter 12 Petition for relief on April 21, 2026. From a review of the Debtors' creditor matrix, it appears that previous

[1] Judgment also domesticated in Clay, Montgomery and Grenada counties in Mississippi on February 29, 2024, March 24, 2024 and March 27, 2024, respectively.

notices regarding the Debtors' pending Chapter 12 were sent to Nutrien at 4093 Deerbrook Road, Macon, MS. However, sales to the Debtors were made by and through Nutrien's Grenada, Mississippi location. Thus, notices and pleadings regarding the referenced matter were errantly sent to the wrong Nutrien location. Consequently, the appropriate Nutrien representatives were not provided notices of the referenced matter and thus, Nutrien has not heretofore participated in the referenced Chapter 12 proceeding. Not until the Debtors filed the instant Motion to Sell and added an additional address for Nutrien at its Greely, Colorado corporate office[2] did Nutrien learn of the Debtors' pending Chapter 12 proceeding.

4. The Plan, as presently drawn, is centered upon and largely driven by the Debtors' private sale of three (3) tracts of real property contemplated by their *Motion to Approve Three Private Sales of Farmland Free and Clear of Liens and To Direct Sales Proceeds* ("Motion to Sell") [Dkt. #69]. Beyond Nutrien's limited placeholder response to the Motion to Sell is the substantive objection of Fairport Asset Management REO 2, LLC ("Fairport") and the Chapter 12 Trustee's (Trustee) Joinder to same that seek entry of this Court's order denying the Motion to Sell. Therein, Fairport and the Trustee argue that the Debtors should market the three (3) separate tracts of real property in lieu of liquidating same via a private sale. The Court has set the hearing for the Motion to Sell after the present deadline to object to the Plan, or on November 23, 2026 which is the same day the Plan is set for confirmation. If the Court denies the Motion to Sell and consequently the Debtor is required to market the referenced properties, it's unclear what effect the timeline for a marketed sale of the Debtors' real properties sought by Fairport and the Trustee will have on the Plan including, inter alia, a forced filing of an amended version of same. Should that course of events occur, it's possible that the Plan before the Court may have to be amended which could significantly impact Nutrien's pre-petition claims against the Debtors' estate. Given these uncertainties, Nutrien lodges this limited and cautionary objection to the Plan.

[2] 3005 Rocky Mountain Avenue, Loveland, CO 80538.

5. For other good and sufficient reasons to be assigned at a hearing regarding this matter. Nutrien reserves the right to amend this Objection up to and including any hearing regarding same.

WHEREFORE, Nutrien respectfully requests entry of an order providing it the relief sought herein. Nutrien prays for such other general and specific relief as this Court may deem just.

THIS, the 11th day of November, 2026.

Respectfully submitted,

/s/ D. Andrew Phillips
D. ANDREW PHILLIPS (MSB #8509)
ELIZABETH N. FISHER (MSB #106477
MITCHELL, McNUTT
P.O. Box 947
Oxford, MS 38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com
bfisher@mitchellmcnutt.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on the parties via Notice of Electronic Filing through the Court's CM/ECF who have consented to electronic notice.

This, the 11th day of November, 2026.

/s/ D. Andrew Phillips