**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: MELVIN SCOTT CLANTON
And ANDREA DOLER CLANTON, Debtors**

**CASE NO. 26-11416 SDM
CHAPTER 12**

---

# MISSISSIPPI DEPARTMENT OF REVENUE'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION

---

**COMES NOW**, the Mississippi Department of Revenue ("MDOR"), by and through counsel, and files this *Objection* ("Objection") to the confirmation of the Debtors' Chapter 12 Plan (Dkt. # 52) ("Plan") filed by the Debtors. In support of this Objection, MDOR would show the Court the following:

## MDOR Proofs of Claim

1. MDOR has timely filed Claim 13-2 for $37,221 in individual income tax liability for years 2024 and 2025 and classified as follows: $30,763.06 as a priority tax claim and the remainder as a general unsecured claim.

2. The Debtors may owe post-petition income taxes for year-ending 2026.

## Objection to Plan

3. **Post-petition Taxes.** The Debtors should timely file their post-petition income tax returns and remit taxes due. To the extent necessary the Debtors will file post-petition tax returns in the manner described in Section 1232 which requires proper notice to MDOR under the provisions of Section 505(b)(1).

4. **Priority Tax Claims.**

   a. The Plan should identify the correct of amount of MDOR's priority

claim as set forth in Claim 13-2.

b. The Plan should specifically state that interest will be paid on MDOR's priority claim according to the statutory rate.

c. MDOR objects to the way the Plan describes the deferred payments on MDOR's priority claim. As the Plan contemplates paying that claim in deferred payments, the Plan should identify clearly the exact amount of each payment and what date or dates of the year they will be made. If the payments are to be over five years, then the Debtor must seek court approval for a five-year plan. 11 U.S.C. § 1222(c).

5. **Setoffs.** MDOR further objects to the Plan to the extent it seeks to limit MDOR's existing right to setoff payments. No provision of Chapter 12 permits the limitation of a government unit's existing right to setoff.

6. **Default.** The Plan should include reasonable default provisions similar to these below.

> In the event of a default in payment of MDOR's claims under the Plan, MDOR shall send written notice of default to the Reorganized Debtors/Debtors to the address in MDOR's records. If such default is not cured within 10 business days after such notice of default is mailed, the MDOR may, without notice to or approval of this Court or further notice to the Reorganized Debtors/Debtors, (a) enforce the entire amount of its claim; (b) proceed with Mississippi state law remedies for collection of any amounts due including filing liens against the Reorganized Debtors'/Debtors' pre-petition and post-petition assets and properties and forcing collections based on those liens and/or (c) seek such relief as may be available from the Court.
>
> For any and all tax periods ending after the confirmation of the Plan, the Debtor/Reorganized Debtor shall timely submit returns and remit payment, including penalties and interest, for all taxes due, as required under applicable Mississippi state law. Should the Reorganized Debtors/Debtors fail to so timely file and pay, MDOR may immediately proceed with Mississippi state law remedies for collection of any amounts due including filing liens against the

Reorganized Debtors/Debtors pre-petition and post-petition assets and properties and forcing collections based on those liens without notice to the Reorganized Debtors/Debtors or the Court.

7. MDOR also objects to the Plan for other reasons to be determined at a hearing set on this matter.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Department of Revenue prays that the Debtors' Plan of Reorganization not be approved unless the provisions set forth in an amended plan or the confirmation order are in accordance with the above-stated objections. Further, Mississippi Department of Revenue prays for general relief.

RESPECTFULLY SUBMITTED this November 12, 2026.

MISSISSIPPI DEPARTMENT OF REVENUE

BY: Signed: /s/ *Sylvie D. Robinson*
Sylvie D. Robinson (MSB # 8931)
Mississippi Department of Revenue
Post Office Box 22828
Jackson, MS 39225
601-923-7412

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was filed through the Court's electronic document filing system which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof, including to the following:

Office of the U. S. Trustee
Ustpregion05.ja.ecf@usdoj.gov

Sammye S. Tharp Sammye.
S.Tharp@usdoj.gov

Thomas C. Rollins
trollins@therollinsfirm.com

Chapter 12 Trustee
Harold J. Barkley, Jr.
HJB@HBARKLEY13.COM

And by regular U.S. Mail, post pre-paid to the Debtors.

Debtors
Melvin Scott Clanton
404 S Washington St
Starkville, MS 39759

Andrea Doler Clanton
404 S Washington St
Starkville, MS 39759

SO CERTIFIED, this November 12, 2026 /s/Sylvie D. Robinson